## EX PARTE G. F. OLIVER.

1. MUNICIPAL ORDINANCES. — If the authorities of an incorporated town are authorized by its charter to make by-laws not inconsistent with the Constitution and laws of the state, they have power to make it a municipal offense for any person to be found drunk at any public place within the corporate limits. *Quære:* whether a conviction under the municipal ordinance would bar a prosecution under the general law of the state.

2. HABEAS CORPUS cannot be used to effect the purposes of an appeal.

3. CASE STATED. — Under a municipal ordinance appellant was tried and fined by a Mayor's Court for being found drunk on the streets, and was committed to the custody of the town marshal until payment of the fine and costs. He sued out *habeas corpus* before the County Court, but on the hearing was remanded to the town marshal's custody; and from this judgment he appeals. *Held*, that, the jurisdiction of the Mayor's Court being apparent, appellant's remedy against its judgment was by appeal to the County Court, and not by *habeas corpus*.

APPEAL from the County Court of Wise. Tried below before the Hon. J. W. PATTERSON.

The special act of 1873, incorporating the town of Decatur, empowered the municipal authorities to enact by-laws not inconsistent with the Constitution and laws of the state, and to enforce their by-laws by fine not over $100, or by imprisonment not more than ten days, or by both fine and imprisonment within those limits.

The act of June 16, 1876, amendatory of the County Court Act, provides for appeals to the County Courts from judgments in criminal cases rendered by Mayors' and Recorders' Courts.

No brief for the appellant has reached the hands of the reporters.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. It appears from the record that the relator

in this case was in the custody of the marshal of the town of Decatur, in Wise County; that he had been convicted by the Mayor's Court of the town of Decatur upon a charge of drunkenness, an offense under the by-laws of the corporation of said town, and was fined $2.50, and by the written order of the Mayor's Court was committed into the custody of the marshal until the fine and cost were paid.

The relator sued out a writ of *habeas corpus* before the county judge of Wise County. A trial was had upon the writ of *habeas corpus*, and the relator was by the County Court ordered back into the custody of the marshal, to be held by said marshal until the judgment of the Mayor's Court of the town of Decatur be satisfied. The relator excepted to the judgment of the County Court herein, and gave notice of an appeal to this court.

The assistant attorney general moves this court to dismiss the appeal taken herein, for the following reasons, to wit: "First, because it does not appear why the relator did not appeal from the judgment of the Mayor's Court, as provided by the statute; second, because the writ of *habeas corpus* cannot be used to effect an appeal."

This motion must be granted. The relator, if he felt aggrieved by the judgment of the Mayor's Court, should have appealed to the County Court. Gen. Laws Fifteenth Legislature, 172, ch. 110, sec. 3. The corporate authorities of the town of Decatur, under the 9th section of "An act to incorporate the said town of Decatur," had authority to make it an offense for a person to be found drunk or in a state of intoxication in any public place within the corporate limits of the town. Special Acts 1873, p. 793. Such a by-law would not be inconsistent with the Constitution and laws of this state. See Gen. Laws Fifteenth Legislature, 169. The opinion of this court in the case of *Bingham* v. *The State*, 2 Texas Ct. App. 21, as will be seen from an examination of it, is not in conflict with this decision.

A question might arise whether the judgment of the Mayor's Court could be pleaded in bar of a prosecution by the state against him for getting drunk, or being found in a state of intoxication in any public place in Wise County; but, this question not being before us, it is unnecessary that we should express an opinion upon it.  The judgment of the County Court is affirmed.

*Affirmed.*